**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED,**<br><br>     Plaintiffs,<br><br>     v.<br><br>(1)  **BCL Technologies;**<br>(2)  **Honestech Inc.;**<br>(3)  **GlobalSCAPE, Inc.;**<br>(4)  **Argus Software, Inc;**<br>(5)  **Software Shapers, Inc.**<br>     **(dba "Pygraphics");**<br>(6)  **QuadriSpace Corporation;**<br>(7)  **Real Software, Inc.;**<br>(8)  **G7 Productivity Systems;**<br>(9)  **HumanConcepts LLC;**<br>(10) **Siber Systems Inc.;**<br>(11) **Alien Skin Software, L.L.C.;**<br>(12) **Algorithmic Implementations, Inc.**<br>     **(dba Ai Squared); and**<br>(13) **MacKichan Software, Inc.**<br><br>     Defendants. | **CIVIL ACTION NO.  6:10cv18**<br><br><br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

1.   This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 5,490,216 entitled "System for Software Registration" (the "'216 patent") a copy of which is attached hereto as Exhibit A.  Plaintiffs owns all rights, title, and interest in the '216 patent.  Plaintiffs seek injunctive relief and monetary damages against each Defendant.

**PARTIES**

2.   Uniloc Corp. Pty. Ltd. ("Uniloc Australia") was founded in Australia in 1992. Uniloc (Singapore) Private Limited ("Uniloc Singapore"), a wholly owned subsidiary of Uniloc

Australia, is a limited liability company existing under the laws of Singapore.  Uniloc Singapore owns all rights, title, and interest in the '216 patent.

3. Uniloc USA, Inc. ("Uniloc USA"), a wholly owned subsidiary of Uniloc Australia, is a corporation founded in 2003 under the laws of the state of Rhode Island.  Uniloc USA is the exclusive licensee of the '216 patent.  Uniloc USA's global headquarters is located at 2151 Michelson, Suite 100, Irvine, CA 92612.  Uniloc USA maintains a place of business in this judicial district at 100 E. Ferguson Street, Suite 608-A, Tyler, TX  75702 and a sales office in Plano, TX.

4. Uniloc (collectively Uniloc USA and Uniloc Singapore) researches, develops, manufactures and licenses security technology solutions, platforms and frameworks, including solutions for securing software and other forms of media such as DVD and audio files.  Uniloc's patented technology authenticates the true identity of devices attempting to access digital content and high-value technology assets.  Uniloc's technology is used in several markets, including software and game security, identity management, and critical infrastructure security.

5. The '216 patent is generally directed to novel systems and methods for securely registering software and other digital media to prevent illicit copying and software piracy.

6. On information and belief, Defendant BCL Technologies (hereinafter "BCL Technologies") is a corporation organized and existing under the laws of the State of California with its principal place of business at 990 Linden Drive, Suite 203, Santa Clara, CA  95050.  This defendant has appointed Hassan Alam, its CEO, at 990 Linden Drive, Suite 203, Santa Clara, CA  95050 as its agent for service of process.

7. On information and belief, Defendant Honestech Inc. (hereinafter "Honestech") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 7000 N. Mopac Expressway, Suite 200, Austin, TX  78731.  This defendant has appointed USA Corporate Services, Inc., 3500 South DuPont Highway, Dover, DE  19901 as its agent for service of process.

8. On information and belief, Defendant GlobalSCAPE, Inc. (hereinafter "GlobalSCAPE") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 4500 Lockhill-Selma, Suite 150, San Antonio, TX  78249.  This defendant has appointed Corporation Service Company at 2711 Centerville Road, Suite 400, Wilmington, DE  19808 as its agent for service of process.

9. On information and belief, Defendant Argus Software, Inc (hereinafter "Argus"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3050 Post Oak Blvd, Suite 900, Houston, TX 77056. This defendant has appointed The Corporation Trust Company at 1209 North Orange Street, Wilmington, DE 19801 as its agent for service of process.

10. On information and belief, Defendant Software Shapers, Inc. (dba "Pygraphics"), (hereinafter "Pygraphics") is a corporation organized and existing under the laws of the State of Texas with its principal place of business in this judicial district at 609 Woods Drive, Argyle, TX 76226. This defendant has appointed George Py Kolb Jr., its President, at 609 Woods Drive, Argyle, TX 76226 as its agent for service of process.

11. On information and belief, Defendant QuadriSpace Corporation (hereinafter "QuadriSpace") is a corporation organized and existing under the laws of the State of Texas with its principal place of business in this judicial district at 705 N Greenville Ave, Ste 800, Allen, TX 75002. This defendant has appointed Brian C. Roberts, its President, at 5301 Quail Creek Dr., McKinney, TX 75070 as its agent for service of process.

12. On information and belief, Defendant Real Software, Inc. (hereinafter "Real Software") is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1705 S Capitol of Texas Hwy #310, Austin, TX 78746. This defendant has appointed Geoffrey S. Perlman, its President, at 1705 S Capitol of Texas Hwy #310, Austin, TX 78746 as its agent for service of process.

13. On information and belief, Defendant G7 Productivity Systems (hereinafter "G7"), is a corporation organized and existing under the laws of the State of California, with its principal place of business at 10946 Willow Ct Ste 100, San Diego, CA 92127. This defendant has appointed James Danforth, its Executive VP & CFO, at 10946 Willow Ct Ste 100, San Diego, CA 92127 as its agent for service of process.

14. On information and belief, Defendant HumanConcepts LLC (hereinafter "HumanConcepts") is a corporation organized and existing under the laws of the State of California with its principal place of business at Three Harbor Drive, Ste 200, Sausalito, CA 94965. This defendant has appointed Martin Sacks, its CEO, at as its agent for service of process at Three Harbor Drive, Ste 200, Sausalito, CA 94965.

15. On information and belief, Defendant Siber Systems Inc. ("Siber Systems") is a corporation organized and existing under the laws of the State of Virginia with its principal place of business at 11781 Lee Jackson Memorial Hwy, Suite 260, Fairfax, VA  22033.  This defendant has appointed Vadim Maslov, its President, at 11781 Lee Jackson Memorial Hwy, Suite 260, Fairfax, VA 22033 as its agent for service of process.

16. On information and belief, Defendant Alien Skin Software, L.L.C. (hereinafter "Alien Skin") is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business at 1111 Haynes Street, Suite 113, Raleigh, NC 27604.  This defendant has appointed Jeffrey Byron Butterworth, its CEO, at 1111 Haynes Street, Suite 113, Raleigh, NC  27604 as its agent for service of process.

17. On information and belief, Defendant Algorithmic Implementations, Inc., d/b/a "Ai Squared" (hereinafter "Ai Squared"), is a corporation organized and existing under the laws of the State of Vermont, with its principal place of business at 130 Taconic Business Park, Manchester Center, VT  05255.  This defendant has appointed Marietta Formanek, its CFO, at 130 Taconic Business Park, Manchester Center, VT  05255 as its agent for service of process.

18. On information and belief, Defendant MacKichan Software, Inc (hereinafter "MacKichan") is a corporation organized and existing under the laws of the State of Washington with its principal place of business at 19307 8th Avenue, Suite C, Poulsbo, WA  98370.  This defendant has appointed Lynda MacKichan, its Vice President, at 19307 8th Avenue, Suite C, Poulsbo, WA  98370 as its agent for service of process.

## JURISDICTION AND VENUE

19. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b).  On information and belief, each Defendant has transacted business in this district, and has committed, induced and/or contributed to acts of patent infringement in this district, including via their websites.

21. On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, including via their websites, pursuant to due process

and/or the Texas Long Arm Statute, each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Uniloc's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

22. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.  Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Each Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,490,216

23. United States Patent No. 5,490,216 ("the '216 Patent") entitled "System for Software Registration." was duly and legally issued by the United States Patent and Trademark Office on February 6, 1996 after full and fair examination.  A true and correct copy of the '216 Patent is attached as Exhibit A.  Uniloc is the owner of all rights, title, and interest in and to the '216 Patent.

24. Upon information and belief, Defendant BCL Technologies has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Upon information and belief, BCL Technologies products, including, but not

limited to, BCL easyConverter Desktop products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant BCL Technologies is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

25. Upon information and belief, Defendant Honestech has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed. Upon information and belief, Honestech products, including, but not limited to, Easy Video Editor products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Honestech is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

26. Upon information and belief, Defendant GlobalSCAPE has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed. Upon information and belief, GlobalSCAPE products, including, but not limited to, CuteFTP products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration

authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant GlobalSCAPE is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

27. Upon information and belief, Defendant Argus has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed. Upon information and belief, Argus products, including, but not limited to, Argus Valuation products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Argus is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

28. Upon information and belief, Defendant Pygraphics has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed. Upon information and belief, Pygraphics products, including, but not limited to, Pyware 3D products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Pygraphics is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

29. Upon information and belief, Defendant QuadriSpace has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Upon information and belief, QuadriSpace products, including, but not limited to, Document3D Suite products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant QuadriSpace is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

30. Upon information and belief, Defendant Real Software has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Upon information and belief, Real Software products, including, but not limited to, REALbasic products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Real Software is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

31. Upon information and belief, Defendant G7 has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Upon information and belief, G7 products, including, but not limited to, G7's VersaCheck product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant G7 is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

32. Upon information and belief, Defendant HumanConcepts has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Upon information and belief, HumanConcepts products, including, but not limited to, its OrgPlus 8 products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant G7 is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

33. Upon information and belief, Defendant Siber Systems has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been

followed.  Upon information and belief, Siber Systems products, including, but not limited to, its RoboForm products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant G7 is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

     34.  Upon information and belief, Defendant Alien Skin has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Upon information and belief, Alien Skin products, including, but not limited to, Eye Candy products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Alien Skin is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

     35.  Upon information and belief, Defendant Ai Squared has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Upon information and belief, Ai Squared products, including, but not limited to, ZoomText products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a

registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Ai Squared is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

36. Upon information and belief, Defendant MacKichan has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Upon information and belief, MacKichan products, including, but not limited to, its Scientific Notebook products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant MacKichan is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

37. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '216 Patent complied any with such requirements.

38. To the extent that facts learned in discovery show that Defendants' infringement of the '216 patent is or has been willful, Uniloc reserves the right to request such a finding at time of trial.

39. As a result of these Defendants' infringement of the '216 Patent, Uniloc has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

40. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '216 Patent, Uniloc will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Uniloc respectfully requests that this Court enter:

1. A judgment in favor of Uniloc that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '216 Patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '216 Patent;

3. A judgment and order requiring Defendants to pay Uniloc its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '216 Patent as provided under 35 U.S.C. § 284;

4. An award to Uniloc for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Uniloc its reasonable attorneys' fees; and

6. Any and all other relief to which Uniloc may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Uniloc, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED**

Dated:  January 27, 2010          By:  /s/ T. John Ward, Jr.

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
E-mail: jw@jwfirm.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 757-7397
E-mail: ema@emafirm.com

James L. Etheridge
Texas State Bar No. 24059147
LEAD ATTORNEY
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd, Suite 120 / 324
Southlake, TX   76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
E-mail: Jim@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED**